**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SLYDE ANALYTICS LLC, | ) Case No. |
| Plaintiff, | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC., | ) |
| Defendants. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Slyde Analytics LLC ("Slyde" or "Plaintiff") for its Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively "Samsung" or "Defendants") for patent infringement alleges as follows:

**THE PARTIES**

1. Slyde is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 104 East Houston Street, Suite 170, Marshall, TX 75670.

2. Defendant Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea. Samsung is a leading manufacturer and seller of smartwatches in the world and in the United States. Upon information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and

potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3. Defendant Samsung Electronics America is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, NJ 07660.  Upon information and belief, Samsung Electronics America has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung Electronics America has publicly indicated that in early 2019, it would be centralizing multiple offices in a new location in the Eastern District of Texas at the Legacy Central office campus, located at 6225 Declaration Drive, Plano, Texas 75023.  Samsung Electronics America may be served with process in Texas through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and personal jurisdiction over each of the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.  Upon information and belief, each Defendant has sufficient minimum contacts with the forum because each Defendant transacts substantial business in the State of Texas and in this Judicial District.  Further, each Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in

the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and is either a foreign company or has a regular and established place of business in this Judicial District. Venue is proper in this Judicial District as to Samsung Electronics, specifically, pursuant to 28 U.S.C. § 1391 because, among other things, Samsung Electronics is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3). Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one. Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

**PATENTS-IN-SUIT**

7. On October 31, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,804,678 (the "'678 Patent") entitled "Method and Circuit for Switching a Wristwatch from a First Power Mode to a Second Power Mode". A true and correct copy of the '678 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9804678.

8. On February 5, 2019, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,198,085 (the "'085 Patent") entitled "Method and Circuit for Switching a Wristwatch from a First Power Mode to a Second Power Mode". A true and correct copy of the '085 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=10198085.

9. On November 19, 2013, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,588,033 (the "'033 Patent") entitled "Wristwatch with Electronic Display". A true and correct copy of the '033 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=8588033.

10. On May 16, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,651,922 (the "'922 Patent") entitled "Wristwatch with a Touch Screen and Method for Displaying on a Touch-Screen Watch". A true and correct copy of the '922 Patent is available at: http://pdfpiw.uspto.gov/.piw?Docid=9651922.

11. Slyde is the sole and exclusive owner of all right, title, and interest in the '678 Patent, the '085 Patent, the '033 Patent, and the '922 Patent, (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Slyde also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

12. Slyde has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. Upon information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

**FACTUAL ALLEGATIONS**

13. The Patents-in-Suit generally relate to methods and apparatuses related to wristwatches with a digital display.

14. The '678 Patent and '085 Patent relate to technology involving a wristwatch with a display that can operate in a plurality of power modes, where the wristwatch switches from a first power mode to a second power mode upon the detection of a gesture such as a wrist movement.

The technology described in the '678 Patent and '085 Patent was developed by Swiss watch engineers Alex Bezinge, Adrian Mohni, Daniel Pfeifer, and Musa Dogan. For example, the technology is implemented by infringing smartwatches with a digital display including, not limited to, the Samsung Galaxy Watch Active, Samsung Galaxy Watch Active2, Samsung Galaxy Watch, Samsung Galaxy Watch3, Samsung Galaxy Watch4, Samsung Galaxy Watch4 Classic, Samsung Galaxy Watch5, and Samsung Galaxy Watch5 Pro.

15. The '033 Patent relates to technology involving a wristwatch with an electronic display that displays a simulation of the internal movement of a mechanical watch. The technology described in the '033 Patent was developed by famed watch designers Pascal Pozzo Di Borgo and Jorg Hysek. For example, the technology is implemented by infringing smartwatches with a digital display including, not limited to, the Samsung Galaxy Watch Active, Samsung Galaxy Watch Active2, Samsung Galaxy Watch, Samsung Galaxy Watch3, Samsung Galaxy Watch4, Samsung Galaxy Watch4 Classic, Samsung Galaxy Watch5, and Samsung Galaxy Watch5 Pro.

16. The '922 Patent relates to technology involving a wristwatch with a digital matrix display, a sheet of touch-sensitive glass, and a processing circuit for interpreting signals from the touch-sensitive glass in order to make changes to what is displayed on the digital matrix display. The technology described in the '922 Patent was developed by famed watch designers Pascal Pozzo Di Borgo and Jorg Hysek. For example, the technology is implemented by infringing smartwatches with a digital display including, not limited to, the Samsung Galaxy Watch Active, Samsung Galaxy Watch Active2, Samsung Galaxy Watch, Samsung Galaxy Watch3, Samsung Galaxy Watch4, Samsung Galaxy Watch4 Classic, Samsung Galaxy Watch5, and Samsung Galaxy Watch5 Pro.

17. Samsung has infringed and is continuing to infringe the Patents-in-Suit by making,

using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or importing, products including, but not limited, to smart watches with electronic displays.

## COUNT I
### (Infringement of the '678 Patent)

18. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

19. Slyde has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '678 Patent.

20. Defendants have and continue to directly infringe the '678 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '678 Patent. Such products include smartwatches with a digital display, including, but not limited to, the Samsung Galaxy Watch5, among other products.

21. For example, Defendants have and continue to directly infringe at least claim 14 of the '678 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include smartwatches with a digital display, such as the Samsung Galaxy Watch5, among other products.

22. The Samsung Galaxy Watch5 comprises a wristwatch which can be operated in a plurality of power modes including a first power mode and a second power mode. The Samsung Galaxy Watch5 comprises a display:



23. The Samsung Galaxy Watch5 comprises a microcontroller (*e.g.*, the watch's processor):

[Processor: Exynos W920 (Dualcore, 5nm)] [2]

24. The Samsung Galaxy Watch5 comprises a touch panel underneath a cover glass of said wristwatch for detecting a gesture on said cover glass. The Samsung Galaxy Watch5 comprises a touch controller for interpreting touch signal provided by the touch panel and for converting said signals into command signal. The Samsung Galaxy Watch5 comprises an inertial sensor comprising an accelerometer and a processor, said accelerometer being arranged for

---

[1] See: https://www.samsung.com/us/watches/galaxy-watch5/buy/?cid=sem-mktg-pfs-wea-us-google-na-11092022-170267-&ds_e=GOOGLE-cr:0-pl:341638531-&ds_c=FF~Core_CN~GW5_PH~on_MK~usnat_BS~me_PR~wearsmart_SB~gw5_FS~lo_CA~kew_KS~ba_MT~exact-&ds_ag=AG~Core-Tech+Enthusiasts_MK~usnat_AT~ta_MD~h_PK~roah_PB~google_AI~yes_TG~bhv_SA~bcaf-&ds_k=samsung+galaxy+watch&gclid=CjwKCAiA3KefBhByEiwAi2LDHCypKmc5_qdLGKHPjx91ddYalhznV1Xa2jEgtzIvNPtGMhb1bTYEDRoChKAQAvD_BwE&gclsrc=aw.ds.

[2] *Id.*

generating an acceleration signal and the processor being arranged for discriminating between gesture and no gesture based on a direction of said acceleration signal as measured by said accelerometer being a three dimensional accelerometer, and on a slope or frequency of said acceleration signal, while the microcontroller and the touch controller are in a sleep power mode:

> Sensors
> Accel., Gyro, Baro, Ambient Light, Compass [3]

25. The Samsung Galaxy Watch5 comprises a touch controller, wherein touch controller is commanded so as to be switched to said second power mode upon gesture detection by said inertial sensor and for detecting a tap gesture on the cover glass with the touch panel. The Samsung Galaxy Watch5 comprises a microcontroller, wherein the microcontroller is arranged for controlling a display of indication on the display and commanded so as to be switched to said second power mode upon a tap gesture detection by said touch controller and for discriminating between gesture and no gesture based at least on signals from said touch panel.

26. For example, the Samsung Galaxy Watch5 has power saving modes, one of which includes a wake-up gesture, wherein the user wearing the Samsung Galaxy Watch5 can turn the screen from "off" to "on" by raising the wrist upon which the watch is worn:

> • **Wake-up gesture:** Wake up your watch by raising the wrist the watch is on. [4]

---

[3] *Id.*

[4] See: https://www.samsung.com/us/support/troubleshooting/TSG01003202/.


[5]

27. Defendants have and continue to indirectly infringe one or more claims of the '678 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as smartwatches with a digital display.

28. Defendants, with knowledge that these products, or the use thereof, infringe the '678 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '678 Patent by providing these products to end users for use in an infringing manner.

29. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high

---

[5] See: https://developer.samsung.com/one-ui-watch-tizen/interaction/gesture.html.

probability that others, including end users, infringe the '678 Patent, but while remaining willfully blind to the infringement.

30. Slyde has suffered damages as a result of Defendants' direct and indirect infringement of the '678 Patent in an amount to be proven at trial.

31. Slyde has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '678 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '085 Patent)

32. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

33. Slyde has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '085 Patent.

34. Defendants have and continue to directly infringe the '085 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '085 Patent. Such products include smartwatches with a digital display, including, but not limited to, the Samsung Galaxy Watch5, among other products.

35. For example, Defendants have and continue to directly infringe at least claim 1 of the '085 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include smartwatches with a digital display, such as the Samsung Galaxy Watch5, among other products.

36. The Samsung Galaxy Watch5 performs a method for switching a wristwatch from a first power moder to a second power mode. Samsung Galaxy Watch5 performs the step of using

an accelerometer for detecting a wristturn:

> Sensors
> Accel., Gyro, Baro, Ambient Light, Compass [6]

37. The Samsung Galaxy Watch5 performs the step of switching said wristwatch from said first power mode to said second power mode when a wristturn has been detected. The Samsung Galaxy Watch5 performs the step of detecting that an orientation of the wristwatch is in a starting position, wherein said step of detecting that the orientation is in the starting position comprises detecting that the orientation of the wristwatch is held within a first range for a defined time. The Samsung Galaxy Watch5 performs the step of detecting that an orientation of the wristwatch is then in a final position, wherein said step of detecting that the orientation is in the final position comprises detecting that the orientation is in a second range different from said first range. The Samsung Galaxy Watch5 performs the step of detecting that the wristwatch remains substantially immobile during a predetermined duration and that a duration between the starting position and the final position is in a predefined range in response to a detection that the orientation of the wristwatch is in the second range.

38. For example, the Samsung Galaxy Watch5 has power saving modes, one of which includes a wake-up gesture, wherein the user wearing the Samsung Galaxy Watch5 can turn the

---

[6] See: https://www.samsung.com/us/watches/galaxy-watch5/buy/?cid=sem-mktg-pfs-wea-us-google-na-11092022-170267-&ds_e=GOOGLE-cr:0-pl:341638531-&ds_c=FF~Core_CN~GW5_PH~on_MK~usnat_BS~me_PR~wearsmart_SB~gw5_FS~lo_CA~kew_KS~ba_MT~exact-&ds_ag=AG~Core-Tech+Enthusiasts_MK~usnat_AT~ta_MD~h_PK~roah_PB~google_AI~yes_TG~bhv_SA~bcaf-&ds_k=samsung+galaxy+watch&gclid=CjwKCAiA3KefBhByEiwAi2LDHCypKmc5_qdLGKHPjx91ddYalhznV1Xa2jEgtzIvNPtGMhb1bTYEDRoChKAQAvD_BwE&gclsrc=aw.ds.

screen from "off" to "on" by raising the wrist upon which the watch is worn:

> • **Wake-up gesture:** Wake up your watch by raising the wrist the watch is on.[7]

39.     Defendants have and continue to indirectly infringe one or more claims of the '085 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as smartwatches with a digital display.

40.     Defendants, with knowledge that these products, or the use thereof, infringe the '085 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '085 Patent by providing these products to end users for use in an infringing manner.

41.     Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '085 Patent, but while remaining willfully blind to the infringement.

42.     Slyde has suffered damages as a result of Defendants' direct and indirect infringement of the '085 Patent in an amount to be proven at trial.

43.     Slyde has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '085 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT III

---

[7]See: https://www.samsung.com/us/support/troubleshooting/TSG01003202/.

**(Infringement of the '033 Patent)**

44. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

45. Slyde has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '033 Patent.

46. Defendants have and continue to directly infringe the '033 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '033 Patent. Such products include smartwatches with a digital display, including, but not limited to, the Samsung Galaxy Watch5, among other products.

47. For example, Defendants have and continue to directly infringe at least claim 1 of the '033 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include smartwatches with a digital display, including, but not limited to, the Samsung Galaxy Watch5, among other products.

48. The Samsung GalaxyWatch5 is a wristwatch. The Samsung GalaxyWatch5 comprises a watchcase. The Samsung GalaxyWatch5 comprises an electronic display in said watchcase. The Samsung GalaxyWatch5 comprises a quartz oscillator. The Samsung Galaxy Watch5 comprises a microcontroller being arranged for reproducing on said electronic display the simulation of a mechanical watch movement comprising a gear train, said simulation being visible so as to indicate the time, said microcontroller being further arranged for synchronizing the displayed time by said displayed mechanical movement with that of said quartz oscillator.

49. For example, Defendants permit the sale of digital watch faces for the Samsung Galaxy Watch5 on the Galaxy Store. Such digital watch faces simulate the mechanical watch

movement comprising a gear train and are visible so as to indicate time as depicted below:



50. Defendants have and continue to indirectly infringe one or more claims of the '033 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such as smartwatches with a digital display.

51. Defendants, with knowledge that these products, or the use thereof, infringe the

---

[8] See: https://galaxystore.samsung.com/geardetail/com.watchface.Mehanika-gold?langCd=en.

'088 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '033 Patent by providing these products to end users for use in an infringing manner.

52. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '033 Patent, but while remaining willfully blind to the infringement.

53. Slyde has suffered damages as a result of Defendants' direct and indirect infringement of the '033 Patent in an amount to be proven at trial.

54. Slyde has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '033 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '922 Patent)

55. Paragraphs 1 through 17 are incorporated by reference as if fully set forth herein.

56. Slyde has not licensed or otherwise authorized Defendants to make, use, offer for sale, sell, or import any products that embody the inventions of the '922 Patent.

57. Defendants have and continue to directly infringe the '922 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '922 Patent. Such products include smartwatches with a digital display, including, but not limited to, the Samsung Galaxy Watch5, among other products.

58. For example, Defendants have and continue to directly infringe at least claim 1 of

the '922 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include smartwatches with a digital display, including, but not limited to, the Samsung Galaxy Watch5, among other products.

59. The Samsung Galaxy Watch5 is a wristwatch comprising a digital matrix display. The Samsung Galaxy Watch5 comprises a sheet of touch-sensitive glass. The Samsung Galaxy Watch5 comprises a processing circuit laid out so as to interpret the signals from the touch-sensitive glass, for selecting a card from several available cards depending on these signals and for displaying said card on the entire digital matrix display. The Samsung Galaxy Watch5 comprises touch-sensitive glass, wherein said touch-sensitive glass is a two-dimensional glass for detecting a movement of at least one finger at any place on the touch-sensitive glass along at least two different directions. The Samsung Galaxy Watch5 comprises a processing circuit, wherein said processing circuit is specifically laid out so as to cause said several available cards to scroll past in order to lastingly replace the initially displayed card with a replacement card selected between said several available cards, wherein each card of said several available cards has a distinct fixed or periodically refreshed image. The size of the image corresponds to the size of said digital matrix display so that the displayed card occupies the whole of said digital matrix display. One card of said several available cards and occupying the entire digital matrix display is immediately and without further user intervention replaced after the scrolling by a different card of said several available cards that occupies the entire digital matrix display. The Samsung Galaxy Watch5 comprises a processing circuit, wherein said processing circuit is further laid out so that the replacement card is dependent from the initially displayed card and from the direction of said movement and is independent from the starting point and end point of said movement on said digital matrix display.

60. For example, a user can change the face of the Samsung Galaxy Watch5 by touching and holding the watches screen until it enters "Edit mode". The user can then swipe left or right with their finger to select a new watch face, thus changing the watch's display.




---

[9] See: https://www.samsung.com/sg/support/mobile-devices/how-to-change-watch-face-for-samsung-galaxy-watch/.

> Did you know you can access your watch's features with just a flick of your finger? You can use the widgets on your smart watch or fitness band, which are shortcuts to your favorite apps. For example, they can give you weather updates without having to open the Weather app. If you're using the new Galaxy Watch4 or Galaxy Watch4 Classic, the widgets are known as "tiles." Just swipe left from the Home screen to see what's happening with your widgets or tiles.

[10]

61. Defendants have and continue to indirectly infringe one or more claims of the '922 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, such smartwatches with a digital display.

62. Defendants, with knowledge that these products, or the use thereof, infringe the '922 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '922 Patent by providing these products to end users for use in an infringing manner.

63. Defendants have induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '922 Patent, but while remaining willfully blind to the infringement.

64. Slyde has suffered damages as a result of Defendants' direct and indirect infringement of the '922 Patent in an amount to be proven at trial.

---

[10] See: https://www.samsung.com/us/support/answer/ANS00034473/. Upon information and belief, the Samsung Galaxy Watch5 has the same functionality.

65. Slyde has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '922 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Slyde prays for relief against Defendants as follows:

a. Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them, from further acts of infringement of one or more of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate Slyde for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Slyde its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: February 28, 2023                            Respectfully submitted,

                                                                                     */s/ Vincent J. Rubino, III*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III

NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

John Andrew Rubino
NY Bar No. 5020797
Email: jarubino@rubinoip.com
**RUBINO IP**
51 J.F.K. Parkway
Short Hills, NJ 07078
Telephone: (973) 535-0920
Facsimile: (973) 535-0921

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF,
SLYDE ANALYTICS LLC***